

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TREVIN LAMARC HAGOOD, SR., § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:13-3604-MGL-TER |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

This is a Social Security action. Plaintiff, who is proceeding pro se, brought this action to obtain judicial review of the final decision of Defendant's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 29, 2015, the Clerk of Court filed Plaintiff's objections on May 8, 2015, and Defendant filed her reply to Plaintiff's objections on May 18, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB and SSI on April 14, 2010, stating that his disability commenced on September 30, 2007. His applications were denied initially and upon reconsideration. Plaintiff then requested a hearing, which the Administrative Law Judge (ALJ) conducted on May 11, 2012. On July 26, 2012, the ALJ held that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review.

According to Defendant, on August 1, 2013, the Appeals Council mailed to Plaintiff and his representative notice that it was denying his request for review and informing him of his right to seek judicial review in the district court within sixty days of receipt of the notice. Plaintiff does not contest this assertion. Unfortunately for Plaintiff, however, he did not file this suit seeking judicial review until December 30, 2013, almost five months later.

Plaintiff's objections are non-specific as to the Report and are generally nothing more than a rehashing of arguments already considered and rejected by the Magistrate Judge. Because the Court agrees with the Magistrate Judge's analysis, it need not repeat the discussion here. As the Magistrate Judge correctly observed, although "Plaintiff has offered for consideration his particular

2

hardships, these do not amount to the requisite exceptional circumstances to justify equitable tolling." Report 4.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 28th day of May, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.